UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

KOREY WISE,

Defendant.

No. 2:25-cr-00022-TLN

**ORDER**

This matter is before the Court on Defendant Korey Wise's ("Defendant") Motion for Early Termination of Supervised Release. (ECF No. 3.) The United States ("Government") filed an opposition. (ECF No. 5.) The United States Probation Office submitted a memorandum responding to Defendant's motion ("Probation Report").[1] Defendant did not file a reply. For the reasons set forth below, the Court DENIES Defendant's Motion for Early Termination of Supervised Release.

///

[1] This Court considers the Probation Office's report pursuant to the U.S. Sentencing Guidelines. U.S. Sent'g Guidelines Manual § 5D1.4(b) (U.S. Sent'g Comm'n 2025) (allowing termination of supervised release "if the court determines, following consultation with the government and the probation officer, that the termination is warranted").

## I. Factual and Procedural Background

On May 17, 2023, Defendant pleaded guilty to two counts of wire fraud and one count of aggravated identity theft in the United States District Court for the Eastern District of Pennsylvania in case number 2:19-cr-00395-NIQA ("E.D. Pa. ECF"). (E.D. Pa. ECF No. 28; E.D. Pa. ECF No. 54 at 1.) On January 31, 2024, Defendant was sentenced to a 27-month term of imprisonment on each of the two wire fraud counts, to be served concurrently, followed by a 24-month term of imprisonment on the aggravated identity theft count, for a total term of 51 months. (E.D. Pa. ECF No. 54 at 1–2.) Defendant was further sentenced to a 24-month term of supervised release for each of the two wire fraud counts and a 12-month term of supervised release for the aggravated identity theft count, all to be served concurrently upon release from imprisonment, for a total term of 24 months. (*Id.* at 1, 3.) Defendant's term of supervision began on July 15, 2025.[2] (ECF No. 2 at 1.) The conditions of Defendant's supervised release include, among other things, making restitution payments in monthly installments of at least $50 and participating in a vocational, literacy, education, or employment skills program as directed by his probation officer. (E.D. Pa. ECF No. 54 at 5.) As of the date of this Order, Defendant has served approximately 14.5 months of his 24-month term of supervised release.

## II. Standard of Law

"The correct legal standard for deciding a motion to terminate supervised release is set forth in 18 U.S.C. § 3583(e)." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). "The statute provides that, after considering a subset of the sentencing factors set forth in 18 U.S.C. § 3553(a), a court may terminate a term of supervised release 'if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.'" *Id.* (quoting 18 U.S.C. § 3583(e)(1)). Defendant has the burden to demonstrate that early termination of supervised release is justified. *United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006).

///

---

[2] On January 29, 2025, jurisdiction over Defendant's supervised release was transferred from the United States District Court for the Eastern District of Pennsylvania to this Court pursuant to 18 U.S.C. § 3605. (ECF No. 1.)

## III. ANALYSIS

Defendant asserts his conduct on supervision supports early termination of supervised release. (ECF No. 3 at 1.) Specifically, Defendant contends his compliance with the conditions of his release, clean drug tests, full-time employment with MedTrans for more than a year, graduation from culinary school, and lack of disciplinary write-ups warrant termination of his supervision. (*Id.* at 2.)

In opposition, the Government highlights Defendant has not made consistent restitution payments towards the balance of $475,814.83 Defendant owes to his victims, and he has thus far paid a total of $95.42 towards his balance. (ECF No. 5 at 2–3.) The Government also argues early termination is not warranted because Defendant "has struggled with unstable housing and employment history" since being on supervised release. (*Id.* at 3.) Lastly, the Government contends that when weighed against Defendant's "two-decade use of a stolen identity and victimization of hundreds of Asian business owners," the one year of supervised release Defendant has completed is insufficient to support termination of Defendant's supervision. (*Id.*)

The U.S. Probation Office also opposes early termination of Defendant's supervised release. (Probation Rep. at 2.) The Probation Office identifies that Defendant failed to make restitution payments in October, November, and December 2025 and in February, March, May, June, July, and August 2026. (*Id.*) Elaborating on the instabilities in Defendant's life, the Probation Office explains that after being released, Defendant lived with a friend, then on his own, and then with his girlfriend, where he remains. (*Id.* at 1–2.) Regarding Defendant's employment, the Probation Office clarifies Defendant worked for MedTrans for about nine months before gaining employment with a different employer. (*Id.* at 2.) The Probation Office also notes Defendant's assigned probation officer has no knowledge of Defendant's graduation from culinary school and was unable to substantiate this claim. (*Id.*) Defendant's assigned probation officer also intends to require Defendant to enroll in GED classes. (*Id.*)

The Court finds the applicable § 3553(a) factors do not justify early termination of supervised release. In particular, the factors regarding the need to provide restitution to victims of Defendant's offense, the nature and circumstances of the offense, and the need for adequate

deterrence, to protect the public against further crimes from Defendant, and to provide Defendant with educational training weigh against termination of supervised release. 18 U.S.C. § 3553(a)(1), (2)(B)–(D), (7). Of particular concern to the Court is Defendant's failure to timely and consistently pay restitution. *Id.* § 3553(a)(7). Paying restitution is a condition of Defendant's supervised release. (E.D. Pa. ECF No. 54 at 5.) According to the Probation Report, though, Defendant failed to make a restitution payment in all but two of the eleven months preceding the report. (Probation Rep. at 2.) The Court finds Defendant's failure to pay restitution for the majority of his release to date weighs strongly against early termination of his supervised release.

The Court finds Defendant's lack of candor regarding these missed restitution payments and regarding his employment additionally concerning. Defendant represents he "has complied with the conditions of supervised release and has made every effort to follow the instructions and requirements imposed upon him," but he omits entirely his months-long failure to comply with the condition to pay restitution. (ECF No. 3 at 2; E.D. Pa. ECF No. 54 at 5.) Defendant also represents he worked for MedTrans for more than a year (ECF No. 3 at 2), but the Probation Office states he only worked there for about nine months before changing employment (Probation Rep. at 2). The Court therefore finds continued supervised release is necessary to deter Defendant from future criminal conduct and protect the public from further criminal conduct from Defendant. 18 U.S.C. § 3553(a)(2)(B)–(C).

Moreover, Defendant's probation officer intends to require Defendant to pursue GED classes (Probation Rep. at 2), which aligns with the condition of Defendant's supervised release that he "participate in a program at the direction of the U.S. Probation Office aimed at learning a vocation, improving his literacy, education level, or employment skills" (E.D. Pa. ECF No. 54 at 5). The forthcoming requirement that Defendant take GED classes thus supports the need to provide Defendant with educational training, which the Court finds cuts against early termination of Defendant's supervised release. 18 U.S.C. § 3553(a)(2)(D).

The Court finds Defendant has fallen well short of meeting his burden of demonstrating early termination of his supervised release is warranted. The Court also finds persuasive the arguments of the Government and the Probation Office that Defendant has not shown his conduct

warrants early termination of supervised release at this time.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion for Early Termination of Supervised Release is hereby DENIED. (ECF No. 3.)

IT IS SO ORDERED.

DATE: October 1, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE